United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CIARA NEWTON**,<br><br>    Plaintiff,<br><br>vs.<br><br>**EQUILON ENTERPRISES, LLC DBA SHELL OIL PRODUCTS US**,<br><br>    Defendant. | Case No.: 17-cv-3961-YGR<br><br>**ORDER DENYING MOTION FOR SUMMARY JUDGMENT; GRANTING IN PART AND DENYING IN PART PLAINTIFF'S DISCOVERY REQUESTS; DENYING MOTION TO SEAL**<br><br>**DKT. NOS. 72, 82, 96, 97, 98, 99, 100, 101, 102, 103, 104** |

Defendant Equilon Enterprises, LLC dba Shell Oil Products US filed its Motion for Summary Judgment, or in the Alternative, Partial Summary Judgment on July 18, 2018. (Dkt. No. 72.) Plaintiff Ciara Newton filed her opposition to the motion on July 31, 2018. (Dkt. No. 83 and supporting papers).[1] A hearing on the motion occurred on August 21, 2018, during which the parties provided additional argument.

In addition, the parties submitted discovery letters concerning matters as to which plaintiff sought additional responses. (Dkt. Nos. 96, 97, 98, 99, 100, 101, 102, 103, 104.) The Court heard the parties' arguments as to these discovery disputes at the hearing on August 21, 2018, as well.

On these pending matters, the Court **ORDERS** as follows:

**I. SUMMARY JUDGMENT**

Having carefully considered the briefing, admissible evidence, and arguments submitted in support of and in opposition to this motion, and for the reasons set forth in full detail on the record, defendant's Motion for Summary Judgment or in the Alternative, Partial Summary Judgment is **DENIED**. As set forth on the record, there are triable issues of material fact as to each of plaintiff's

---

[1] Plaintiff filed an administrative motion to seal in connection with her opposition, indicating that defendant had designated certain documents as confidential. (Dkt. No. 82.) Defendant offered no declaration in support of sealing. The Court, finding no compelling reasons for sealing the documents in connection with the summary judgment motion, **DENIES** the motion to seal.

claims, precluding summary adjudication. With respect to summary adjudication of the claim for punitive damages, despite significant weaknesses in plaintiff's evidence in opposition, the motion cannot be granted because defendant, as the moving party, has failed to meet its evidentiary burden on this issue. *Davis v. Kiewit Pac. Co.*, 220 Cal. App. 4th 358, 369 (2013) (a moving defendant "cannot satisfy its initial burden of production of *evidence* by making a conclusory statement of *law,* whether directly or through a declaration of one of its employees . . . . by simply restating the applicable legal standard under *White* for the determination of whether [an employee] was its managing agent, [defendant] did not satisfy its initial burden of production.").

## II. DISCOVERY DISPUTES

Having carefully considered the letter briefs and arguments of the parties, and for the reasons set forth in full detail on the record, plaintiff's requests are **GRANTED IN PART AND DENIED IN PART**:[2]

The request to compel a further response to Request for Production Nos. 101, 107, 109, 110, 114, 132, 144, 145, 149, 150, 151, 153, 154, 161, 163, and 164, is **GRANTED**. Further responses and responsive documents are ordered to be produced to plaintiff no later than **August 27, 2018**.

The request to compel a further response to Request for Production Nos. 118, 156, 157, and 162 is **DENIED**.

With respect to Request for Production Nos. 158 and 159, the Court **RESERVES**. Defendant is directed to provide supplemental information regarding the number of persons hired to be refinery process operators at the Martinez facility at any time from January 1, 2006, to the present who were terminated during their probationary periods. Defendant shall provide the number by email to chambers, ygrpo@cand.uscourts.gov, no later than close of business on **Friday, August 24, 2018**.

The request to compel further responses to plaintiff's Interrogatories Nos. 4, 8, and 9 is **GRANTED**. Further responses are ordered to be produced to plaintiff no later than **August 27, 2018**.

The request to compel further responses to plaintiff's Interrogatories Nos. 10 and 11is **DENIED**.

---

[2] In addition, the Court sanctioned each lawyer for failure to comply with the Court's Standing Order as it relates to discovery disputes. (Dkt. Nos. 105, 106.)

2

The parties are directed to file, no later than **12:00 p.m. on Tuesday, August 28, 2018**, a **joint notice** stating whether all further discovery responses and responsive documents ordered to be produced by August 27, 2018 have been received by plaintiff. If all responses and responsive documents ordered to be produced have not been received by plaintiff, the Court will hold a further hearing on **Wednesday, August 29, 2018, at 9:00 a.m.**

If defendant is unable to provide a further response and responsive documents with respect to Request for Production Nos. 145, Cameron Curran will be **REQUIRED TO APPEAR** to provide testimony with respect to his knowledge and basis for asserting that plaintiff falsified records in the Intellitrack system. The Court may also inquire, if necessary, as to Request for Production Nos. 153 and 154 and Interrogatories 4, 8, and 9.

This Order terminates Dkt. Nos. 72, 82, 96, 97, 98, 99, 100, 101, 102, 103, and 104.

**IT IS SO ORDERED.**

Date: August 22, 2018

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**