UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CIARA NEWTON**, <br> Plaintiff, <br> vs. <br> **EQUILON ENTERPRISES, LLC DBA SHELL OIL PRODUCTS US**, <br> Defendant. | Case No.: 17-cv-3961-YGR <br><br> **ORDER TERMINATING DISCOVERY DISPUTE RELATED TO PLAINTIFF'S EXPERT REPORT WITHOUT PREJUDICE** <br><br> **DKT. NO. 124** |

The Court is in receipt of defendant's Equilon Enterprises, LLC's discovery dispute and plaintiff Ciara Newton's response thereto. (Dkt. No. 124.) Defendant's request is denied for failure to comply with ¶ 8.b. of this Court's Standing Order in Civil Cases which requires that in a "joint letter brief, counsel must attest that, prior to filing the request for relief, counsel met and conferred *in person . . . .*" (Emphasis in original.) No such attestation was provided nor does the letter provide any adequate basis for excusing the same.

The conduct of which defendant complains occurred on and before August 23, 2018. The parties personally appeared before the Court on August 29, 2018, and these issues were not raised. Certainly, the parties could have met personally then, at a minimum. The Court is not persuaded by defendant's claim that "[n]o reasonable prospect of informal resolution exists" (Dkt. No. 124 at p. 4), as reasonable counsel frequently agree to modest extensions of deadlines to accommodate discovery issues. Having failed to allow plaintiff anywhere close to an equal measure of space to explain her perspective, the Court must view defendant's version of events with measured skepticism. The Court views the most recent letter as yet another failure by counsel to decrease the acrimony and to work professionally to ensure that their respective discovery obligations are met, and comply with the Court's Orders. To run immediately back to the Court after having suffered

adverse rulings and complain about issues which could have been resolved sooner reflects "tit-for-tat" conduct, and the Court will not waste additional judicial resources on the topic.

That said, the issue has been raised prior to the expert discovery cutoff. The parties are **ORDERED** to meet and confer and resolve the issues. The Court will entertain a proposal for a narrowly-tailored extension of time. Should it be necessary, any further briefing on the topic shall include each party's last proposal to resolve the issue.

Given the parties' history, should the Court be required to resolve the issue itself, it will consider appropriate monetary or evidentiary sanctions. It should be obvious that depositions cannot be fully completed without production of all materials in advance, and that any post-deposition revision to a report should not be done in such a manner as to confuse the record. It should also be obvious that each party should be afforded approximately equal space to explain a position in a discovery dispute, and that hyperbole in letter briefs is not persuasive, particularly in an environment where the complaining party does not come to the Court with clean hands itself.

This terminates Docket No. 124 without prejudice.

**IT IS SO ORDERED.**

Date: August 30, 2018

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**