# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CIARA NEWTON,**<br><br>          Plaintiff,<br><br>     v.<br><br>**EQUILON ENTERPRISES LLC, DBA SHELL OIL PRODUCTS US**,<br><br>          Defendant. | Case No. 17-cv-3961 YGR<br><br>**AMENDED PRETRIAL ORDER NO. 2 RE: MOTIONS IN LIMINE** |

The parties filed their *motions in limine* on September 28, 2018 (Dkt. Nos. 136, 137, 138, 139, 140, 141, 142, 143, 144, 146, 147, 148, 150) and the Court heard arguments on November 30, 2018. In addition, the parties filed supplemental briefing addressed to certain issues raised at the hearing. (Dkt. Nos. 205, 207.) Based on the filings in support and opposition thereto, and the arguments of the parties, the Court **ORDERS** as follows:

### Plaintiff's Motions In Limine

Plaintiff's Motions In Limine Nos. 1-3 (Dkt. Nos. 142, 148, 150), to exclude percipient expert testimony by Cameron Curran, Jeffrey Fischer, and Richard Metcalf, respectively, are **DENIED WITHOUT PREJUDICE** to raising a more specific objection to testimony lacking in foundation. The witnesses are percipient witnesses and may testify as to the events in which they participated personally. However, none of these witnesses may not offer opinions based on facts as to which he lacks personal knowledge. Further, they may not use their specialized expertise to render an opinion independent from their percipient knowledge.

### Defendant's Motions In Limine

1. Defendant's Motion in Limine No. 1 (Dkt. No. 136) to Exclude Evidence of Events at the Martinez Refinery After Plaintiff's September 28, 2016 Termination is **DENIED AS STIPULATED** and accordingly evidence of investigations that took place after September 28, 2016

1  is excluded. The parties have stipulated that the post-termination union investigation conducted by Ray Jones and Chris Palacio, and Shell's post-termination interviews with supervisors and male operators in Newton's unit will be excluded. (Dkt. No. 207 at 2:5-7.) Based upon the proffer submitted with respect to the basis for anticipated testimony by Ray Jones, the Court **DENIES** the motion to exclude Jones' testimony regarding: (a) the hiring process for the 2016 operator class; (b) opinions formed as a result of the August 2, 2016 meeting; and (3) his participation and opinions based upon the September 28, 2016 meeting.

2. On defendant's Motion in Limine No. 2 (Dkt. No. 137) to exclude testimony by Sheila Babot and any reference to litigation she has filed against defendant, the Court **RESERVES** its ruling. Plaintiff has indicated that she would call Ms. Babot as a rebuttal witness. Plaintiff is directed to file a proffer regarding Ms. Babot's testimony by **Monday, December 10, 2018**.

3. Defendant's Motion in Limine No. 3 (Dkt. No. 138) regarding parent entities is **DENIED AS WITHDRAWN** by defendant at the hearing.

4. Defendant's Motion in Limine No. 4 was resolved prior to the conference and withdrawn.

5. Defendant's Motion in Limine No. 5 (Dkt. No. 139) to exclude evidence of gender-neutral coarse speech is **DENIED**.

6. Defendant's Motion in Limine No. 6 (Dkt. No. 140) to exclude direct or indirect evidence or mention of pretrial proceedings, prior rulings, and litigation techniques or tactics is **DENIED AS STIPULATED**. Such matters and evidence are excluded.

7. Defendant's Motion in Limine No. 7 (Dkt. No. 141) to exclude all references to other suits or administrative actions is **DENIED AS STIPULATED.** Such matters and evidence are excluded.

8. Defendant's Motion in Limine No. 8 (Dkt. No. 143) to exclude opinion evidence regarding justification for plaintiff's termination or her but-for tenure at Equilon, is **DENIED** as to Michael Joyce; defendant may cross-examine him regarding any opinions.

With respect to Nora Ostrofe the motion is **GRANTED** to the extent Ostrofe would seek to rely on statements of opinion regarding plaintiff's qualifications and performance within Ostrofe's

report. However, plaintiff can reference testimony already in evidence to establish the foundation for Ostrofe's opinions concerning projections for future wage loss.

With respect to Ray Jones, based upon the proffer at Dkt. No. 207, the motion is **DENIED**.

9. Defendant's Motion in Limine No. 9 (Dkt. No. 144) to exclude statistical evidence regarding the composition of the probationary class is **DENIED**.

10. Defendant's Motion in Limine No. 10 (Dkt. No. 146) to exclude speculative testimony regarding conduct and treatment of others is **DENIED WITHOUT PREJUDICE** as overbroad. To the extent the motion is directed at testimony of Ray Jones, the Court has ruled that he may testify consistent with the proffer as stated herein with respect to Defendant's Motion in Limine No. 1.

11. Defendant's Motion in Limine No. 11 (Dkt. No. 147) to exclude evidence of misconduct not suffered or witnessed by plaintiff is **DENIED WITHOUT PREJUDICE** as overbroad; defendant may offer more specific objections in advance of plaintiff's testimony, if necessary. To the extent this motion is directed at testimony by Sheila Babot, plaintiff has indicated Ms. Babot will testify in rebuttal only and, as stated above, plaintiff is directed to submit a proffer on the testimony she would offer in rebuttal.

**IT IS SO ORDERED.**

Dated: December 5, 2018

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**