United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**CIARA NEWTON**,

            Plaintiff,

    vs.

**EQUILON ENTERPRISES, LLC DBA SHELL OIL PRODUCTS US**,

            Defendant.

Case No.: 17-cv-3961-YGR

**AMENDED ORDER DENYING MOTION FOR INJUNCTIVE RELIEF; SETTING SCHEDULE FOR POST-TRIAL BRIEFING**

On December 19, 2018, a jury rendered a verdict in favor of plaintiff Ciara Newton on her claims for harassment based upon gender and failure to prevent harassment based upon gender. (Dkt. No. 248.) The jury found in favor of defendant Equilon Enterprises, LLC on Newton's claims of gender discrimination, retaliation in violation of the Fair Employment and Housing Act ("FEHA"), and whistleblower retaliation under the California Labor Code. (*Id.*) The jury awarded Newton $475,000 in damages on her harassment and failure to prevent harassment claims. (Dkt. No. 253.) Thereafter, Newton filed her Motion for Injunctive Relief. (Dkt. No. 271.)

The Court has considered the parties' papers in support of and in opposition to the motion. The Court finds that, as a matter of law, plaintiff does not have standing to pursue injunctive relief, given that she does not seek reinstatement and the jury did not find in her favor on any claim as to which reinstatement would be a remedy.

The Ninth Circuit has held that "a former employee has no claim for injunctive relief addressing the employment practices of a former employer absent a reasonably certain basis for concluding [the former employee] has some personal need for prospective relief." *Bayer v. Neiman Marcus Grp., Inc.*, 861 F.3d 853, 865 (9th Cir. 2017) *citing Walsh v. Nevada Dep't of Human Res.*, 471 F.3d 1033, 1036–37 (9th Cir. 2006) (non-employee does not have standing to seek injunctive

relief in discrimination case absent evidence that non-employee seeks reinstatement or re-employment from defendant). The *Bayer* and *Walsh* courts so held based upon Article III of the Constitution, which limits federal courts' jurisdiction to actual, ongoing controversies brought by a plaintiff who can show (1) an injury, (2) caused by a defendant, that is (3) likely to be redressed by the relief sought. *Bayer*, 861 F.3d at 865; *Walsh*, 471 F.3d at 1036–37. Claims for injunctive relief become moot when subsequent events establish that future violations could not reasonably be expected to recur. *Bayer*, 861 F.3d at 865 (citing *Ruiz v. City of Santa Maria*, 160 F.3d 543, 549 (9th Cir. 1998)). Similarly, a plaintiff can no longer establish standing for purposes of injunctive relief if she would derive no benefit from such relief. *Walsh*, 471 F.3d at 1037.

The constitutional requirement to establish standing in federal court applies regardless of whether the underlying state statute would allow plaintiff to obtain injunctive relief. *See Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1022 (9th Cir. 2004) ("[e]ven if [state law] permits a plaintiff to pursue injunctive relief in California state courts. . . 'a plaintiff whose cause of action is perfectly viable in state court under state law may nonetheless be foreclosed from litigating the same cause of action in federal court, if he cannot demonstrate the requisite injury' to establish Article III standing"); *see also Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1198–99 (9th Cir. 2016) (remanding California consumer law claim because subsequent refund of purchase price to plaintiff resulted in lack of Article III standing in federal court, but did not preclude her from acting as a class representative and seeking remedies under state law in state court); *Freeman v. ABC Legal Servs., Inc.*, 877 F. Supp. 2d 919, 924 (N.D. Cal. 2012) ("in federal court, a plaintiff must still demonstrate Article III standing to seek injunctive relief, even if she would otherwise have standing in state court").

Based on these principles, federal courts have dismissed claims for injunctive relief under FEHA by former employees who do not seek reinstatement. *See Achal v. Gate Gourmet, Inc.*, 114 F. Supp. 3d 781, 818–19 (N.D. Cal. 2015) (dismissal of FEHA injunctive relief claim on standing grounds; authority permitting private plaintiffs to seek injunctive relief to effectuate FEHA's purpose of eliminating and preventing workplace discrimination did not change analysis); *Pruitt v. Genentech, Inc.*, No. 2:17-CV-00822-JAM-AC, 2017 WL 3641783, at *5 (E.D. Cal. Aug. 24, 2017)

(claims for injunctive relief under FEHA and ADA stricken for lack of standing; federal versus state law claims were "a distinction without a difference"); *Furtado v. United Rentals Inc.*, No. 14-CV-04258-YGR, 2015 WL 4452502, at *7–8 (N.D. Cal. July 20, 2015) (dismissing multiple claims for equitable and injunctive relief where plaintiff alleged no facts to show she would "stand to benefit from an injunction requiring the anti-discriminatory policies she requests at her former place of work"). As a recent decision summarized the issue, "[a] state statute cannot alter the constitutional standing requirements of federal courts, even if for good public policy reasons." *Mitchell v. Corelogic, Inc.*, No. SACV172274DOCDFMX, 2018 WL 6118444, at *17 (C.D. Cal. Aug. 7, 2018).

Plaintiff cites no contrary federal authority permitting an individual plaintiff to proceed with claims for injunctive relief in the face of facts showing that the relief would not benefit her. Moreover, plaintiff's *Erie* argument fails to persuade, since the constitutional limits on the federal court's authority present a clear conflict with awarding injunctive relief under these circumstances.

CONCLUSION

Based upon the foregoing, the motion for injunctive relief is **DENIED** on Article III grounds.[1]

The Court Orders that all post-trial briefs and motions, including motions for attorneys' fees, shall be filed within 21 days of this order. However, the Court will entertain a different schedule should the parties so stipulate:

**IT IS SO ORDERED.**

Date: April 25, 2019

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**

---

[1] The Court therefore does not reach defendant's additional arguments that plaintiff's allegations and evidence in support of injunctive relief are insufficient.